IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA,
PALM BEACH DIVISION

| | |
|---|---|
| Karen Hollander, <br><br> Plaintiff, <br><br> v. <br><br> Kenneth J. Wolf, Ken Wolf Commodities d/b/a KJW, or in the alternative KJW LLC, an administratively dissolved Florida corporation, d/b/a Ken Wolf Commodities, <br><br> Defendants. | Civil Action No 9:09-cv-80587 <br><br> RYSKAMP\VIUNAC |

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS

COMES NOW the Plaintiff, Karen Hollander, by and through her undersigned counsel, and Responds to Defendants' September 21, 2009 Motion to Quash Service of Process, as follows:

Facts:

1. In the matter at Bar, Defendants seek to "Quash" the service issued upon them, at the residence of Defendant Kenneth J. Wolf. A Mr. Barry Ross, the Process Server, under oath provided information on his service. His affidavit included, *inter alia*, that in coordination with the community gate guard, they determined the proper street address for service on Mr. Wolf was 2398 East Silver Palm Road. Further, the community resident list listed a Mr. Kenneth J. Wolf as a resident, and provided Mr. Wolf's home telephone number.

2. The Process Server upon approaching the home noted a car in the driveway and noted its license plate number. Upon ringing at the residence a man came to the door who did not deny he was Kenneth J. Wolf, but who, upon learning that Mr. Ross was a

process server, became belligerent, claimed he was a Mr. Thomas, and walked away from the Process Server, stating that Mr. Wolf moved from the residence in January. The Process Server then called the home number he obtained from the community guard and asked the woman answering the phone whether she was Mrs. Wolf, Mr. Kenneth J. Wolf's wife, and she answered affirmatively. After the Process Server identified himself, Mrs. Wolf said that Mr. Wolf was out of the country; a story the Process Server noted was distinct from the person claiming to be a Mr. Thomas. *See* Attachment A, Return of Service and Affidavit of Process Server Barry Ross.

3.   Upon the information investigated and reported herein at paragraph 12, by an attorney of the undersigned firm, Kenneth J. Wolf married Marie Thomas on or about July 7, 2002. Palm Beach County records report the property at 2398 East Silver Palm Road, Boca Raton, FL 33432 as being held (in trust) by Mr. Wolf, and of late being conveyed to Mrs. Wolf. The White Pages reports the 2398 East Silver Palm Road, Boca Raton, Florida address as being Mr. Wolf's residence and an alternate household member as Marie Wolf. The car outside the residence noted by the Process Server was registered to Marie Thomas.[1]

Memorandum of Law:

Proper Characterization of Motion

4.   Defendants' motion to "quash" is a written application to this court to obtain an order designating Plaintiff's service upon Defendants as an invalid service; in effect the motion is a Fed. R. Civ. P. 12(b)(4) or (5) motion to dismiss for insufficiency of process or insufficient service. To challenge the method of service of process the defendant

---

[1] In a related proceeding described in paragraphs 37 and 38 of the Complaint at bar, Plaintiff attempted, as in the instant matter, to procure service of summons through the cooperation of counsel. When counsel for the Defendants did not accept service of summons on Defendants' behalf, Plaintiff's counsel attempted to procure service through a Process Server. Defendant Wolf was eventually served on April 30, 2007, by serving his spouse, at 2398 East Silver Palm Road, Boca Raton, FL, at the time of the service she refused to provide her first name. *See* Attachment B, Return of Service and Affidavit of Process Server John Lawrence.

GROSSMAN|GREENBERG|

150 North University Drive · Suite 200 · Fort Lauderdale · FL · 33324 · Tel 954.452.1118

should file a motion to dismiss for insufficient service of process.  *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d, 882, 884 n. 2, and 886 (8th Cir. 1987) and *Sanderford v. Prudential Ins. Co.,* 902 F.2d 897 (11th Cir. 1990)(the test of service of process is whether the summons is in substantial compliance with Rule 4(b), Fed R. Civ. P., and the defendant has not been prejudiced by the alleged defect in the process; albeit in the instant matter there was no defect).

5.  Defendant must raise objections to sufficiency of process or service either in the answer or in a permitted pre-answer motion.  *Sanderford,* 902 F.2d at 900, *McCurdy v. American Bd. of Plastic Surgeons,* 157 F.3d 191, 194 (3rd Cir. 1998), *Resolution Trust Corp. v. Starky*, 41 F.3d 1018, 1021 (5th Cir. 1995), *O'Brien v. R. J. O'Brien & Assoc.,* 998 F.2d 1394, 1399 (7th Cir. 1993) and *FDIC v. Oaklawn Apts.,* 959 F.2d 170, 175 (10th Cir. 1992).

Evidentiary Burdens

6.  If the plaintiff meets her burden of showing proper service of process, the burden shifts to the defendant to present strong and convincing proof of insufficient service.  *O'Brien,* 998 F.2d at 1398, *Northrup King Co. v. Compania Productora Smeillas Algodoneras Selectus,* 51 F.3d 1383, 1387 (8th Cir. 1995), *Saez Rivera v. Nissan Mfg.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986) *Nikwei v. Ross Sch. Of Aviatio, Inc.,* 822 F.2d 939, 941 (10th Cir. 1987).  The plaintiff can meet her burden by introducing the process servicer's return of service as prima facie evidence that the form and manner of service were proper. *O'Brien,* 998 F.2d at 1398 and 5B Wright & Miller §1353.

7.  The defendant must either establish that there is a defect in service, as shown on the face of the return, or produce affidavits or other admissible evidence providing that service was improper.  *O'Brien,* 998 F.2d at 1398, *Nikwei, 822* F.2d at 941-42.  The mere denial of receipt of service is insufficient to overcome the presumption of validity of the process server's affidavit.  *New York v. Operation Rescue Nat'l,* 69 F.Supp.2d 408, 416 (W.D.N.Y. 1999).

GROSSMAN|GREENBERG

150 North University Drive · Suite 200 · Fort Lauderdale · FL · 33324 · Tel 954.452.1118

8.	Usually, the court will not dismiss if there are defects in the form of the summons. If the summons substantially complies with the requirements of Fed. R. Civ. P. 4, the defendant must show actual prejudice before the court will dismiss. *Sanderford,* 902 F.2d at 900-01, and *U.S. v. Carney,* 796 F.Supp. 700, 704 (E.D.N.Y. 1992). Although in this proceeding Defendants [wrongfully] challenge insufficiency of process or insufficient service, there is no reason the same standard should not apply.

Law on Recalcitrant Servee

9.	The matter at bar also requires a review of the frequent law school issue of the propriety of posting service of process to a recalcitrant [servee] defendant's residence door. Fortunately, the issue has been resolved not only universally but specifically in the Florida Fourth District appellate circuit. In *Haney v. Olin Corporation,* 245 So.2d 671 (4th DCA 1971) the Sheriff approached two women leaving the defendants' residence and stated his purpose. The wife of the Defendant, with the Defendant standing in the doorway retreated to their home, closed the door and refused to take service. The Sheriff informed in a load voice that he will be leaving the service at the door. The court instructed:

> 'It is generally held that when a summons is offered to someone, he cannot avoid service by refusing physically to accept the summons if he is informed that service of process is being attempted.' (citations omitted.)
>
> 'The rule means that a person within the jurisdiction has an obligation to accept service of process when service is attempted reasonably.'

*Haney*, 245 So.2d at 673.[2]

10.	In *Dowd Shipping, Inc. v. Lee*, 354 So.2d 1252, 1253-54 (4th DCA 1978) the Sheriff called the tenant on the house phone and informed the wife of his identity and his

---

[2] The *Haney* court also stated, "An officer's reasonable attempt to effect personal service of process upon a person in his own home, when the person reasonably should know the officer's identity and purpose, cannot be frustrated by the simple expedient of the person closing the front door in the officer's face and willfully refusing to accept service of process, very much as a child playing a game of tag might gain instantaneous immunity by calling 'King's X'." *Haney*, 245 So.2d at 673.

GROSSMAN|GREENBERG|

150 North University Drive · Suite 200 · Fort Lauderdale · FL · 33324 · Tel 954.452.1118

purpose. The wife told the Sheriff the husband was out of town and refused service. The Sheriff then told the wife he would leave service attached to the unit gate. The Court held that if the process server informed the wife of his purpose, the location was the usual place of abode and the then present person was over the age of 15, service was perfected.

Defendants' Contention and Plaintiff's Argument

11. Defendants' argument for dismissal of service for the alleged insufficiency of process or insufficient service, *i.e.*, to quash, is based solely on Defendants' assertion as stated by their counsel in the Motion to Quash Service of Process and are unsupported by an affidavit. That statement reads, "The Return of Service filed with the Court on September 1, 2009 includes a description (the 'Comments') by the Process Server who attempted to perfect service at what he concluded was the home of Defendant Kenneth Wolf. As the Process Server stated in his Comments, he was told that Mr. Wolf did not reside in that residence by a man who answered the door and identified himself as 'Mr. Thomas'. The Process Server was told that Mr. Wolf had left the country. Both statements are true. Mr. Wolf no longer lives in that residence and service was therefore defective."

12. In addition to the information listed by the Process Server in Attachment A, hereto and restated in paragraph 1, and 2 and information added in paragraph 3, a member of the undersigned firm doing internet searches (and with the assistance of a third party police authority for confirmation of the automobile license registration) determined other persuasive indications that 2398 East Silver Palm Road, Boca Raton, Florida 33432, is the proper location for service of process on Defendants. *To wit*, the Clerk and Controller records for Palm Beach County, show Defendant Wolf first, though a Quit-Claim Deed held the property outright and then as trustee, and of late he transferred the property to Marie Wolf, as a married woman, whose address is 2398 East Silver Palm Road, Boca Raton, Florida 33432 and who told the Process Server on the day of Service she was Mrs. Wolf. Further, that the White Pages reports Defendant Wolf as residing at that address with the other household member being Marie Wolf, and the

GROSSMAN|GREENBERG|

150 North University Drive · Suite 200 · Fort Lauderdale · FL · 33324 · Tel 954.452.1118

automobile outside the house at the time of service of process being owned by Marie Thomas, are all positive evidence proving the 2398 East Silver Palm address is the proper address for service of process.  None of which should ignore that the community's gate guard provided the Process Server with property listing which named Defendant Kenneth Wolf the property resident at 2398 East Silver Palm Road, being his residence.

13.     As explained in *Haney* a Process Server's reasonable attempt to effect personal service of process upon a person in his own home, when the person reasonably should know the officer's identity and purpose, cannot be frustrated by the simple expedient of the person closing the front door in the officer's face and willfully refusing to accept service of process.  *See* n. 2, *infra.*  Likewise as stated in *Dowd Shipping* whether Defendant Wolf was out of town or out of the country, is immaterial, if the process server informed the wife of his purpose, the location was the usual place of abode and the then present person was over the age of 15, service was perfected.

WHEREFORE, Plaintiff's request the "Defendants' Motion to Quash Service of Process", be denied, and the matter be permitted to proceed.

                                              Respectfully Submitted,

                                               s/ Jay Bruce Grossman
                                              Jay Bruce Grossman(FL Bar Number: 0147036)
                                              JBG@GrossmanGreenberg.com
                                              GrossmanGreenberg
                                              150 North University Drive, Suite 200
                                              Fort Lauderdale, Florida 33324
                                              Telephone: (954) 452-1118
                                              Facsimile: (954) 916-4448
                                              Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                         _s/_____
                                         Jay Bruce Grossman

## SERVICE LIST
### Karen Hollander v. Kenneth J. Wolf *et al.*
### Case No. 9:09-cv-80587 – Ryskamp/Viunac
### United States District Court, Southern District of Florida

Christopher King
cking@homerbonnerlaw.com
Homer and Bonner, P.A.
1441 Brickell Ave. Ste. 1200
Miami, FL 33131-3429
Telephone: (305) 350-5100
Facsimile:  (305) 982-0069
Attorney for all Defendants
Electronic Service