IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA, PALM BEACH
DIVISION

CASE NO. 9:09-cv-80587

KAREN HOLLANDER,

    Plaintiff,

v.

KENNETH J. WOLF, et al,

    Defendants.
_____/

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO QUASH

    DEFENDANTS submit this reply in further support of their Motion to Quash Service of Process. Plaintiff's argument doesn't prevent the relief sough. Plaintiff argues that the process server properly served Defendants at 2398 East Silver Palm Road. It is undisputed, however, that Kenneth J. Wolf does not live at that address. Plaintiff argues that Defendants are trying to avoid service by not accepting service of process at 2398 East Silver Palm Road, which has nothing to do with whether service was properly effected in accordance with the law. Finally, Plaintiff argues that a motion to quash is an improper motion, an argument that flies in the face of the established case law in the Southern District of Florida.

### Defendants Have Met Their Evidentiary Burden

    The Plaintiff's main argument is that the process server properly served Defendants at 2398 East Silver Palm Road. But the Defendants have met their burden establishing by clear and convincing evidence that service was invalid. The Plaintiff admits that Kenneth J. Wolf is no

longer the owner of 2398 East Silver Palm Road. (*See* Paragraph 3 of Plaintiff's Response in Opposition). Furthermore, the Declaration of Marie Wolf establishes Kenneth J. Wolf does not live at 2398 East Silver Palm Road:

> Kenneth Wolf does not live at 2398 East Silver Palm Road, Boca Raton, Florida 33432, and has not lived there since 2008. The home is in my name only.

(*See* Declaration of Marie Wolf).

Furthermore, the Plaintiff maintains that the individual with whom the process server spoke was Kenneth J. Wolf. The "Comments" of the process server, attached to the return of service, describe a man identified as "Mr. Thomas" as "220-230 pounds", "6 feet tall", having "black hair with some gray". (*See* Comments to Return of Service). This description does not remotely match Kenneth J. Wolf:

> Kenneth J. Wolf is bald, is under six feet tall, and is not the person described in the affidavit of service.

(*See* Declaration of Marie Wolf). Accordingly, the Defendants have proven by "clear and convincing evidence" that service on the Defendants was invalid.

## Defendants are not Recalcitrant Servees

Plaintiff argues that the Defendants are attempting to avoid service of process and sets forth the case law enunciating situations where a recalcitrant servee attempts to avoid service at his home. Unlike the facts in each of the cases on which the Plaintiff relies, process was not served at Kenneth J. Wolf's residence. It is not disputed that Defendants do not live at 2398 East Silver Palm Road and Marie Wolf stated in her declaration, "The papers described in the affidavit of service were left underneath the gate to my house". Accordingly, this is a case of defective service not a defendant trying to avoid a process server.

### A Motion to Quash is the Proper Motion

The Plaintiff further argues that a motion to quash for insufficient service is an improper motion. Courts recognize that "[t]he usual means of disposing of a challenge to the service of process is by way of a motion to quash service of process." AmJur Pleading § 576 (*citing Mattes v. National Hellenic Am. Line, S.A.*, 427 F. Supp. 619, (S.D.N.Y. 1977); *Hill v. Sands*, 403 F. Supp. 1368 (N.D. Ill. 1975). "A motion to quash service of process may be raised by the defendant in the alternative to an Fed.R.Civ.P.12(b)(5) motion to dismiss". AmJur Pleading § 576 (*citing Noerr Motor Freight, Inc. v. E. R. R. Pres. Conf.*, 113 F. Supp. 737 (E.D. Pa. 1953)).

Moreover, motions to quash are frequently used and granted in the Southern District of Florida. *See Maale v. Francis*, 258 F.R.D. 533 (S.D. Fla. 2009); *Kilma v. Carnival Corp.* 2008 WL 4559231 (S.D. Fla. 2008); *Jackson v. Genesys Credit Mgt.*, 2007 WL 1362531 (S.D. Fla. 2007).

Accordingly a motion to quash for insufficient service of process was a proper an acceptable motion as filed by the Defendants.

WHEREFORE, based on the foregoing, Defendants respectfully request that the Court Grant the Motion to Quash Service of Process.

HOMERBONNER
1200 Four Seasons Tower • 1441 Brickell Avenue • Miami, Florida 33131
Telephone: (305) 350-5100

Respectfully submitted:

KENNETH J. WOLF, ET AL,

By: /s Christopher J. King.
   One of their Attorneys

Peter W. Homer
Christopher J. King
HomerBonner
The Four Seasons Tower
1441 Brickell Avenue
Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5192
Facsimile: (305) 982-0069

## CERTIFICATE OF SERVICE

I, Christopher J. King, an attorney, hereby certify that I served a copy of the foregoing Defendants' Reply in Support of Motion to Quash on:

J.B. Grossman, Esq.
GrossmanGreenberg
150 North University Drive, Suite 200
Fort Lauderdale, FL 33324
954-452-1118

by electronic filing and first-class mail on this 5th day of October, 2009.

By: /s Christopher J. King     .
   Christopher J. King

\\MIA-SVR\DATA\Docs\Wdox\CF\41289\0002\00045843.DOC