UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80587-CIV-RYSKAMP/VITUNAC

KAREN HOLLANDER,

       Plaintiff,

v.

KENNETH J. WOLF, et al

       Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## TO QUASH SERVICE OF PROCESS

THIS CAUSE comes before the Court upon Defendants' Motion to Quash Service of Process **[DE 10]** filed on September 21, 2009.  Plaintiff filed a response in opposition **[DE 11]** on September 28, 2009.  Defendant filed a reply **[DE 13]** on October 5, 2009.  This matter is ripe for adjudication.

    **I.**    **Background**

Plaintiff Karen Hollander filed a complaint **[DE 1]** against defendant Kenneth J. Wolf on April 16, 2009.  On August 26, 2009, this Court issued an Order to Show Cause **[DE 3]** ordering the parties to show cause as to why they had failed to comply with the Court's Scheduling Order **[DE 2]**, which required the parties to file a joint proposed scheduling order by the deadline set by the Court.  On August 31, 2009, summons issued as to Kenneth Wolf and KJW LLC with each being returned executed on September 1, 2009.  On September 1, 2009, plaintiff Karen Hollander responded **[DE 6]** to the Order to Show Cause.  In her response, plaintiff explained that the defendants were not parties to the case until August 31, 2009 because the defendants were not

2

served until that date.  Therefore, she believed that she was not in violation of the scheduling order.

Defendant did not respond to the Order to Show Cause.  Instead, defendant filed the instant Motion to Quash Service of Process.  In this motion, defendants argue that plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 4(e).  Defendants argue that they were not served at their usual place of abode.  In support of this argument, defendants point to the Comments section of the Return of Service.  Those comments by the process server, Barry Ross, reveal that he attempted to serve process at 2398 East Silver Palm Road, Boca Raton, Florida 33432 after seeing Kenneth Wolf's name listed under that address on the list of residents provided by the community's security guard. Mr. Ross then returned to East Silver Palm Road and rang the bell of #2398.  A man answered the door.  Mr. Ross asked whether the man was "Mr. Kenneth Wolf."  The man did not answer, but asked what Mr. Ross wanted.  Mr. Ross identified himself as a process server, at which point, the man at the door claimed that his name was "Mr. Thomas."  Upon further questioning, Mr. Ross claims that "Mr. Thomas" became belligerent and evasive, and then claimed that Kenneth Wolf had moved in January 2009.  Mr. Ross then dialed a phone number he obtained from the security guard.  Mr. Ross states that a woman answered the phone and identified herself as Mrs. Wolf, the wife of Kenneth Wolf.  Mr. Ross states that Mrs. Wolf told him that Kenneth Wolf was out of the country.  Upon further investigation, Mr. Ross states that there was no "Mr. Thomas" on the resident list.  Upon belief that "Mr. Thomas" was in fact "Mr. Kenneth Wolf," Mr. Ross told Mrs. Wolf that he was leaving a copy of the summons at the door and that Kenneth Wolf was served.  In his comments, Mr. Wolf described the man who answered the door: "68-72 years old,

3

white male, 220-230 lbs., 6' tall and I think he had black hair with some gray."

Defendant Kenneth Wolf argues that Mr. Ross's comments show that service was not properly effectuated upon Mr. Wolf.  Defendant argues that the description given by Mr. Ross does not match the description of Mr. Wolf.  Defendant contends that because Kenneth Wolf was not served personally, plaintiff is required to serve defendant at his usual place of abode in order for substitute service to be proper.  Defendant argues that he was not served at his usual place of abode because he does not live at 2398 East Silver Palm Road.  In support of his argument, defendant filed the declaration of Marie Wolf.  Mrs. Wolf declares that while she lives at 2398 East Silver Palm Road, the home is owned by her alone and Kenneth Wolf has not lived there since October 2008. Mrs. Wolf also describes Kenneth Wolf as "bald, [] under six feet tall, and [] not the person described in the affidavit of service."

Plaintiff argues that the defendant has failed to meet his burden to show that service of process was insufficient.  Plaintiff argues that the affidavit of Mrs. Wolf does not support defendant's argument that service of process was defective.  Plaintiff also contends that based on the comments made by the process server, Mr. Ross and independent research conducted by the plaintiff's law firm, 2398 East Silver Palm Road is Kenneth Wolf's usual place of abode.  Plaintiff also contends that the property listing provided by the security guard at the gate of the defendant's community shows that Kenneth Wolf lived at 2398 East Silver Palm Road.  Based on the above, plaintiff argues that service of process was proper because Mrs. Wolf is a resident over the age of 15 of Kenneth Wolf's usual place of abode and Mr. Ross informed her of his purpose, service upon Kenneth Wolf was perfected.

4

## II. Legal Standard for Motion to Quash Service of Process

While defendants do not specifically request relief under Federal Rules of Civil Procedure 12(b)4 or 12(b)(5), motions to quash are filed pursuant to those rules. *See Boateng v. Inter American Univ. of P.R.*, 188 F.R.D. 26 (D.P.R. 1999) (citing *Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976); *see also R. Griggs Group Ltd. V. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996) (finding that courts may quash service of process rather than dismissing the complaint despite no provision for such action in the federal rules); 5B Wright & Miller Federal Practice and Procedure Civil 3d §1353. Because defendants do not seek dismissal of the action against them, the Court will treat their motion as a motion to quash.

Motions to quash filed pursuant to Rule 12(b)(5) challenge the sufficiency of service. The procedural requirements for proper service of process are set forth in Federal Rule of Civil Procedure 4(e). Rule 4(e) allows the plaintiff to serve a defendant by several methods including, but not limited to, any method allowed by state law or by leaving a copy of the summons and complaint at the defendant's usual place of abode with some person of suitable age and discretion residing at that place. Fed. R. Civ. P. 4(e)(1)-(2). Florida law also allows service of process upon an individual of suitable age who resides at the defendant's dwelling. Fla. Stat. Ann. § 48.031(West 2009). Courts are to construe this rule liberally "to effectuate service where actual notice of the suit has been received by the defendant." 35A Corpus Juris Secundum, Federal Civil Procedure § 242 (citing *Rovinksi v. Rowe*, 131 F.2d 687 (C.C.A. 6th Cir. 1942)). The person with whom the copies of the summons and complaint are left must actually reside at the defendant's usual place of abode. *Id.* (citing *Zuckerman v. McCulley*, 7 F.R.D. 739 (E.D. Mo. 1947), *judgment aff'd*, 170 F.2d 1015 (8th Cir. 1948)). "Usual place of abode" means " a house

5

in which defendant is then living or had his or her home." *Id.* (citing *Leigh v. Lynton*, 9 F.R.D. 28 (E.D. N.Y. 1949); *see also State ex. rel Merritt v. Heffernan*, 195 So. 145 (Fla. 1940) (finding that usual place of abode means where the defendant was actually living).

Defendants must challenge sufficiency of the service of process in his or her answer or in a pre-answer motion. *See Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 900 (11th Cir. 1990). A challenge of sufficiency of process must describe with specificity how the service of process failed to meet the procedural requirements of Federal Rule of Civil Procedure 4. *See O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993). Once a defendant challenges service of process, plaintiff has the burden to demonstrate sufficient service of process by making a *prima facie* case of proper service. A signed return of service is *prima facie* evidence of proper service. *See Blair v. City of Worcester,* 522 F.3d 105, 111-12 (1st Cir. 2008);(indicating that a signed return serves as prima facie evidence of valid service); 5B Wright & Miller Federal Practice and Procedure Civil 3d §1353, at 343. If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process. *O'Brien*, 998 F.2d at 1398. The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact. *See Travelers Cas. & Sur. Co. of America v.Telstar Const. Co., Inc.*, 252 F. Supp. 2d 917, 923 (D. Ariz 2003); 5B Wright & Miller Federal Practice and Procedure Civil 3d §1353, at 343. When a defendant supports his or her motion to quash to with affidavits, the plaintiff is permitted to submit counter-affidavits, depositions, or oral testimony. *See Chatman v. Condell Med. Center*, No. 99-C-5603, 2002 WL 737051 (C.D. Ill. April 22, 2002); 5B Wright & Miller Federal Practice and Procedure Civil 3d §1353, at 345.

6

### III.     Discussion

Defendants specifically state that service of process was insufficient in this case because service was neither made upon Mr. Wolf personally nor upon someone residing at his usual place of abode.  To show that service of proper was sufficient, plaintiff presents the process server's return of service as prima facie evidence.  This return–and comments attached thereto–shows that substitute service was made at what Mr. Ross believed was Kenneth Wolf's usual place of abode.  Therefore, the burden shifts back to defendant to provide strong and convincing evidence to show that service was improper.  Defendant provides a sworn declaration, signed by Marie Wolf under the penalty of perjury, stating that Mr. Kenneth Wolf has not resided at 2398 East Silver Palm Road since October 2008.  Marie Wolf further declares that Kenneth Wolf does not match the description of the person described as Kenneth Wolf in the process server's description.  The Court finds that because this statement was given by the current resident and owner of the home under the penalty of perjury, Marie Wolf's affidavit provides strong and convincing evidence that substitute service was not effectuated upon a person residing at Kenneth Wolf's usual place of abode.

The inquiry does not stop there, however.  Plaintiff has the opportunity to offer-counter-evidence to rebut the defendant's strong and convincing evidence.  To counter defendant's evidence, plaintiff offers the sworn affidavit of A. Monika Yenke, an associate attorney at the plaintiff's law firm.  Ms. Yenke declares that she conducted independent research in an effort to show that Kenneth Wolf's usual place of abode was 2398 Silver Palm Road at the time of service of process.  According to her affidavit, Ms. Yenke's research in the public records of the Clerk & Comptroller of Palm Beach County shows that Kenneth Wolf was the owner 2398 Silver Palm

7

Road until he transferred the property to Marie Wolf on November 5, 2008. This research also revealed that Kenneth Wolf is married to Marie Wolf and that her name at the time of her marriage to him was "Marie Thomas." Ms. Yenke also states she conducted internet research on the whitepages.com website, which yielded a listing showing that Kenneth J. Wolf's address was 2398 E. Silver Palm Rd. and that Marie Wolf was a member of his household.[1] Importantly, however, the listing date is "Apr. 2009."

      The Court finds that the affidavit of Ms. Yenke along with the exhibits attached thereto does not overcome the strong and convincing evidence that Kenneth Wolf no longer resides at 2398 Silver Palm Road. The property records show that Kenneth Wolf owned the property situated at 2398 Silver Palm Road at one time, but that he no longer owned the property after November 2008. Similarly, the whitepages.com listing shows that Kenneth Wolf was a resident of 2398 Silver Palm Road as of April 2008, but not that the property was his usual place of abode on August 31, 2009. Service must be effectuated upon someone residing at the defendant's usual place of abode, which is defined as where the defendant is then living. This affidavit simply does not support the conclusion that Kenneth Wolf's usual place of abode on August 31, 2009 was 2398 Silver Palm Road. Plaintiff also relies on the list of residents provided to Mr. Ross prior to approaching 2398 Silver Palm Road. However, the plaintiff has not provided that list to the Court nor has the plaintiff provided any information as to how often that list is updated. Plaintiff has failed to overcome the strong and convincing evidence presented by the defendant.

      Based on the evidence before it, the Court finds that 2398 Silver Palm Road was not Kenneth Wolf's usual place of abode on August 31, 2009. Therefore, service of process was not

---

[1] She attached a copy of the listing as Exhibit G to her affidavit.

effectuated upon Kenneth Wolf when Mr. Ross left the service of process at the door of Marie Wolf.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the defendants' Motion to Quash Service of Process **[DE 10]** is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 9 day of October, 2009.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record